UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL G. HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-01861-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Darnell G. Hall's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On August 28, 2019, Petitioner pleaded guilty to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court accepted Petitioner's plea, and on December 5, 2019, sentenced Petitioner to 60 months' imprisonment and two years of supervised release. *United States v. Hall*, No. 4:19-cr-00486-JAR-1, ECF No. 34.[1] Petitioner did not file a direct appeal.

In his pro se motion under § 2255, Petitioner asserts that his sentence should be vacated and that he should be released from imprisonment because his trial counsel was ineffective for not challenging the indictment for being deficient under the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, Petitioner argues that his indictment did not allege an element necessary for his conviction—i.e., Petitioner's knowledge that he was a felon at the time he possessed the firearm—as is now required by the

---

[1]  Filings in Petitioner's criminal case will be referenced hereafter as "Crim. ECF No."

holding *Rehaif*. He further alleges that his counsel did not inform him of the indictment's alleged deficiency, and therefore he did not knowingly enter into his guilty plea. As the record before the Court conclusively shows that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## Background

On June 27, 2019, Plaintiff was charged in a one count indictment of knowingly possessing a firearm under 18 U.S.C. § 922(g)(1). In relevant part, the indictment states that "[o]n or about June 4, 2019, . . . [Petitioner] knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more felony crimes punishable by a term of imprisonment exceeding one year, . . . ." Crim ECF No. 1.

As part of the Guilty Plea Agreement signed by both parties, Petitioner stipulated to the following facts. On June 4, 2019, law enforcement was called to a residential address regarding a person asleep in a running white Chevrolet Impala that was blocking one or more driveways. When law enforcement arrived, Petitioner was found unconscious in the Impala's driver's seat. On his lap was a .40 caliber Smith & Wesson pistol loaded with 12 rounds. Prior to June 4, 2019, Petitioner was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year, and Petitioner knew that he had been previously convicted of at least one crime punishable by a term of imprisonment exceeding one year. Crim. ECF No. 23.

As noted above, Petitioner later pleaded guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his Guilty Plea Agreement and at the guilty plea hearing on August 28, 2019, Petitioner acknowledged that the United States could prove all of the relevant facts of the crime, including that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Petitioner further agreed to "waive

all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, and the guilty plea." Crim. ECF No. 23 at ¶ 7(A)(1).  Petitioner also agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§] 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at ¶ 7(B).

Petitioner appeared before the Court for sentencing on December 5, 2019, and the Court sentenced Petitioner to 60 months' imprisonment.  As noted above, Petitioner did not appeal his conviction or sentence.  But, on December 22, 2020, he filed the instant motion for post-conviction relief asserting a claim for ineffective assistance of counsel for not informing him of the indictment's failure to charge him with knowledge of his felony status as required by *Rehaif*. He further alleges that his indictment was deficient for not including allegations of the scienter element and that it should have been dismissed as inadequate.

**Discussion**

Under 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The Supreme Court held in *Rehaif* that a conviction under § 922(g) required proof that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  Petitioner pleaded guilty and was sentenced after *Rehaif* was decided.  Construing his motion liberally, Petitioner argues that his plea was not knowing and

3

voluntary because he was not properly informed by counsel that the government was required to prove that he knew of his prohibited status as a felon.

Petitioner's claim is without merit.  It is well established a defendant may waive his § 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel.  *Andis*, 333 F.3d at 890–92 (citing *DeRoo*, 223 F.3d at 923–24).  The Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Andis*, 333 F.3d at 891.  In his Guilty Plea Agreement, Petitioner waived his § 2255 right to raise issues except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Petitioner indeed asserts ineffective assistance of counsel in his § 2255 motion.  ECF No. 1.  Petitioner's claim is based on counsel's alleged failure to inform him that the indictment failed to allege an essential element of the crime for which he was convicted, i.e., that he knew he was a felon when he was found in knowing possession of a firearm.  But the indictment was not deficient.  It alleged Petitioner's knowledge of his felony status as required by *Rehaif*. Petitioner's counsel was therefore not ineffective because he was under no obligation to inform Petitioner of a deficiency in the indictment that did not exist.  Petitioner's Guilty Plea Agreement further reenforces that his arguments are without merit as they too include Petitioner's own admissions that he knew he was a felon at the time he was found in possession of the firearm.

4

For these reasons, the Court will deny Petitioner's motion.  Petitioner has not requested an evidentiary hearing, and no such hearing is warranted because the record before the Court conclusively demonstrates that Petitioner is not entitled to relief.  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017).

Because the Court has decided Petitioner's motion on the merits, the United States' motion to dismiss [ECF No. 3] will be denied as moot.

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Darnell G. Hall's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.  ECF No. 1.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that the United States of America's motion to dismiss is **DENIED as moot**.  ECF No. 3.

A separate Judgment shall accompany this Memorandum and Order.


Dated this 3rd day of August, 2023.

                                                                        _____
                                                                        JOHN A. ROSS
                                                                        UNITED STATES DISTRICT JUDGE